09-1267-cv
Ricioppo v. County of Suffolk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-fourth day of November, two thousand and nine.

PRESENT:

José A. Cabranes,
Chester J. Straub,
Richard C. Wesley,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Ercole Ricioppo, also known as Eric Ricioppo,

            *Plaintiff-Appellant,*

            -v.-                                                    No. 09-1267-cv

County of Suffolk, Suffolk County Community College, The Board of Trustees of Suffolk County Community College, Michael Hollander, Brian Foley, Vivian Fisher, Eric Kopp, Anthony Appolaro,

            *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**                    ALAN E. WOLIN, Wolin & Wolin, Jericho, NY.

**FOR DEFENDANTS-APPELLEES:**                   ANDREW M. ROTH, Berkman, Honoch, Peterson & Peddy, P.C., Garden City, NY, *for defendant-appellee Michael Hollander.*

CHRIS P. TERMINI, Christine Malafi, Suffolk Co. Attorney, Hauppauge, NY, *for defendants-appellees County of Suffolk, Suffolk County Community College, The Board of Trustees of Suffolk County Community, College, Brian Foley, Vivian Fisher, Eric Kopp, and Anthony Appolaro.*

Appeal from a March 4, 2009 order of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Ercole Ricioppo, also known as Eric Ricioppo, appeals from an order of the District Court granting summary judgment in favor of defendants the County of Suffolk, Suffolk County Community College, The Board of Trustees of Suffolk County Community College (the "College"), Michael Hollander, Brian Foley, Vivian Fisher, Eric Kopp, and Anthony Appolaro (collectively, "defendants"), in Ricioppo's action arising under 42 U.S.C. §§ 1983 & 1985. In his § 1983 claim, Ricioppo alleged that defendants abolished his administrative position, refused to hire him into a newly created position, and denied him a full-time faculty position because plaintiff engaged in speech protected by the First Amendment. Accordingly, Ricioppo asserted that defendants violated his First Amendment rights and right to due process of law (both substantive and procedural); he also asserted a breach of contract claim under state law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Ricioppo argues that the District Court erred in granting summary judgment in favor of defendants on (1) his First Amendment claim, (2) his procedural due process claim, and (3) his breach of contract claim.

We review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See, e.g., Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). No genuinely triable issue of fact exists when the moving party demonstrates, by pleadings and submitted evidence, that no rational jury could find in the

non-movant's favor. *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

In order to establish a claim for retaliation under the First Amendment, an employee must prove that he (1) engaged in constitutionally protected speech; (2) suffered an adverse employment action; and (3) the speech was a "motivating factor" in the adverse employment decision. *See Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). In determining whether a public employee engaged in constitutionally protected speech, we must first determine whether the "employee spoke as a citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). If the employee can make that showing, we would next determine "whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public." *Id.* We do not reach the second inquiry because, for the reasons stated in its thorough opinion, we agree with the District Court that "the evidence proffered by Plaintiff, construed in his favor as it must be, is insufficient to sustain a claim for First Amendment Retaliation because his speech was either not as a citizen or not on a matter of public concern." *Ricioppo v. County of Suffolk*, No. 04-3630, 2009 WL 577727, at *15 (E.D.N.Y. 2009).

We also agree with the District Court that Ricioppo's assertions are insufficient to raise a triable issue of fact to sustain his due process and breach of contract claims. Specifically, we agree with the District Court's conclusion that Ricioppo failed to establish a property interest in any academic or administrative position, a requisite showing to sustain a due process claim. Ricioppo has not presented evidence sufficient to sustain his assertions that he automatically received tenure upon entering his sixth year at the College (pursuant, by his reading, to the College's faculty Handbook), or that he received a continuing academic appointment, thus entitling him to that appointment. As the District Court noted and the parties agreed, Ricioppo's "state law claim for breach of contract rises or falls with his claim that he had a property interest in continued employment at the College." *Id.* at *19. We therefore affirm the District Court's grant of summary judgment on Ricioppo's claims of due process and breach of contract.

We have considered each of Ricioppo's arguments on appeal and, substantially for the reasons stated in the District Court's thorough, well-reasoned order of March 4, 2009, we find them to be without merit.

### **CONCLUSION**

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3